IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| KATHLEEN MCCARTHY,<br><br>Plaintiff,<br><br>-against-<br><br>FIRST CREDIT RESOURCES, INC., PATRICK K. WILLIS CO., INC. d/b/a AMERICAN RECOVERY SERVICE and ALLY FINANCIAL,<br><br>Defendants. | Civil Case Number: 2:23-cv-824<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kathleen McCarthy (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this complaint by and through the undersigned attorneys, Marcus & Zelman, LLC against Defendant First Credit Resources, Inc., Patrick K. Willis Co., Inc. d/b/a American Recovery Service and Ally Financial (hereinafter "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants breached the peace and illegally repossessed her vehicle over her repeated objections, thereby violating Pennsylvania law. Plaintiff also brings a claim against Defendants First Credit Resources, Inc. and Patrick K. Willis Co., Inc. d/b/a American Recovery Service for illegally repossessing her vehicle in

violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

## **PARTIES**

5. Plaintiff is a natural person and a resident of Monongahela, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant First Credit Resources, Inc., (hereinafter referred to as "FCR"), is a repossession company, with its principal place of business in Johnstown, Pennsylvania.

7. Upon information and belief, Defendant FCR is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. In fact, Defendant FCR advertises on its website that "we have been a leader in the collateral recovery industry since 1991, and only continue to grow. That's because FCR doesn't simply tow vehicles; we provide professional collateral recovery, skip tracing, and other services to take the confusion out of collateral recovery."

9. Defendant FCR is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant American Recovery Services, a wholly owned subsidiary of the Patrick K. Willis Company, Inc. (hereinafter referred to as "ARS"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Sacramento, California.

11. Upon information and belief, Defendant ARS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security

interests, namely the repossession of vehicles by lenders.

12. Defendant ARS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. Defendant Ally Financial ("Ally Financial") is an auto lender headquartered in Detroit, Michigan.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

15. The Plaintiff owns a 2019 Nissan Rogue ("the Plaintiff's Vehicle"), which was financed through a loan with Ally Financial.

16. The Plaintiff purchased and used this vehicle for her personal use and enjoyment.

17. In October of 2022, the Plaintiff was forced to move her life in North Carolina to Monongahela, Pennsylvania, to care for her dying father in his final days.

18. As a result, the Plaintiff called Ally and explained her circumstances, seeking to work out some sort of payment arrangement or accommodation, during this trying time.

19. Plaintiff understood that Ally would be putting any repossessions on hold during this time, and was in constant contact with Ally's offices regarding this issue.

20. Apparently, however, Ally claimed that the Plaintiff was delinquent on this account and put an order out for the repossession of the Plaintiff's vehicle.

21. The amounts owed by the Plaintiff on the loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

22. At some point prior to March 30, 2023, Ally Financial contracted with ARS to repossess the Plaintiff's Vehicle.

23. Upon information and belief, ARS does not perform any repossessions itself in Pennsylvania, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Ally Financial.

24. Upon information and belief, after being contracted by Ally Financial to repossess the Plaintiff's Vehicles, ARS arranged for FCR to carry out the actual repossession.

25. At approximately 11:30 a.m. on March 30, 2023, a male agent – identified as an employee of FCR – arrived at the Plaintiff's home to repossess the Plaintiff's Vehicle.

26. The Plaintiff immediately ran outside her home and repeatedly objected to the repossession, telling the tow driver that he could not take the vehicle, because she believed she had an arrangement with Ally for the account to be placed on hold during this time.

27. The Plaintiff then called the police to try to stop the repossession.

28. The Plaintiff further attempted to physically prevent the Defendant from completing the repossession and taking her vehicle, including by standing in front of the tow truck to prevent it from driving away.

29. After the police arrived, they advised the Plaintiff that FCR was allowed to take the car.

30. Defendants' agent then towed away the Plaintiff's vehicle, which she has not recovered to this day.

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against FCR and ARS)**

31. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

32. Plaintiff brings this Count against Defendants FCR and ARS.

33. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

34. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)  the property is exempt by law from such dispossession or disablement.

35. Pennsylvania law only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. *See,* 13 Pa. C.S.A. § 9609.

36. Defendants breached the peace in repossessing the Plaintiff's vehicle in continuing to repossess the vehicle over the objections of Plaintiff.

37. Because the repossession was only accomplished via a breach of the peace, the Defendants did not have the present right to possession of the Plaintiff's vehicle, and Plaintiff's vehicle was also clearly exempt from repossession or disablement.

38. As a result, the Defendants violated 15 USC § 1692f(6) when it repossessed the Plaintiff's Vehicles on March 30, 2023.

39. By illegally repossessing the Plaintiff's Vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

40. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by depriving her of the use of her vehicle and the right to pre-repossession judicial process.

41. By reason thereof, Defendants FCR and ARS are liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### PENNSYLVANIA UCC, 13 Pa. C.S.A. § 9609 *et seq.*
### (Against All Defendants)

42. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

43. Pennsylvania law only permits self-help repossession of consumer motor vehicles only where possession can be obtained without breach of the peace. *See,* 13 Pa. C.S.A. § 9609.

44. Defendants violated the law when they breached the peace and continued to repossess the Plaintiff's Vehicle after Plaintiff repeatedly objected to the vehicle's seizure.

45. A secured creditor's duty to repossess without breach of the peace is non delegable, and it is liable even if the peace is breached by an independent contractor. *See e.g.,* Comment 3 of the Pennsylvania Uniform Commercial Code § 9609 ("courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral").

46. As such, FCR' breach of the peace is imputed upon ARS and Ally Financial.

47. By illegally repossessing the Plaintiff's Vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection

activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

48. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by depriving her of the use of her vehicle and the right to pre-repossession judicial process.

## COUNT III

### CONVERSION
### (Against All Defendants)

49. Plaintiff repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. On March 30, 2023, Plaintiff had actual and constructive possession of the Plaintiff's Vehicle.

51. On March 30, 2023, the Defendants took the Plaintiff's Vehicle and deprived the Plaintiff of the use of that vehicle.

52. As set forth above, this was done illegally, in breach of the peace.

53. As a result, Defendant did not have lawful justification for taking the vehicle.

54. Defendants' conversion of Plaintiff's Vehicle harmed Plaintiff, by depriving her of the use of that vehicle.

55. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by depriving her of the right to pre-repossession judicial process.

56. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and

attorneys' fees.

## DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) awarding Plaintiff her actual damages;

(b) awarding the Plaintiff statutory damages;

(c) awarding the Plaintiff punitive damages;

(d) awarding the Plaintiff the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 16, 2023

/s/ Ari H. Marcus
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*