IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MCCARTHY, | ) |
| | ) |
| Plaintiff, | ) 2:23-CV-824-NR |
| | ) |
| v. | ) |
| | ) |
| FIRST CREDIT RESOURCES, INC., | ) |
| PATRICK K. WILLIS CO., INC. | ) |
| d/b/a/ AMERICAN RECOVERY | ) |
| SERVICE and ALLY FINANCIAL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Kathleen McCarthy brings one count of violation of the Fair Debt Collection Practices Act, one count of unlawful repossession under the Pennsylvania Uniform Commercial Code, and one count of conversion against Defendant First Credit Resources, Inc. ECF 1. She alleges that First Credit caused a breach of the peace and thus improperly repossessed her vehicle. First Credit moves to dismiss, arguing that Ms. McCarthy's allegations of her verbal objection are not sufficient to state a claim for breach of the peace. ECF 15.

To begin with, pleading a breach of the peace is a critical and necessary component of each of the three counts in the complaint. Under the FDCPA, repossession of property is prohibited if "there is no present right to possession of the property claimed as collateral through an enforceable security interest" or the property "is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6)(A), (C). Ms. McCarthy alleges that First Credit violated the FDCPA by breaching the peace in violation of 13 Pa. C.S.A. § 9609, and thus First Credit had no present right to possession. ECF 1, ¶¶ 35-37. Similarly, under the Uniform Commercial Code as adopted in Pennsylvania, a creditor may perform a non-judicial

repossession so long as "it proceeds without breach of the peace." 13 Pa. C.S.A. § 9609(b)(2).

The same goes with the conversion claim. One of the elements of conversion is deprivation of property "without lawful justification." *Scott v. Fred Beans Chevrolet of Limerick, Inc.*, 183 F. Supp. 3d 691, 700 (E.D. Pa. 2016). When a conversion claim is premised on a claim for improper repossession for breach of the peace (as is the case here), if the improper repossession claim fails, the conversion claim also fails. This is because if there is no breach of the peace, the creditor has lawful justification to repossess the property. *Id.* (holding that the defendant had a legal right to repossess the property because the plaintiff had failed to make her car payments); *see also Gill v. Bd. of Natl. Credit Union Admin. for Sikh Fed. Credit Union*, No. 93-1597, 2018 WL 5045755, at *14 (E.D.N.Y. Oct. 16, 2018) (stating that "plaintiff overlooks the simple fact that defendant had the right to possession upon his default" and dismissing conversion claim). In sum, Ms. McCarthy's claims all hinge on whether First Credit breached the peace.

To show breach of the peace, Ms. McCarthy pleads that she was delinquent on her payments for her car. ECF 1, ¶ 20.[1] Due to this delinquency, the creditor, through a few transactions, ultimately secured First Credit to carry out a repossession of Ms. McCarthy's car. *Id.* ¶¶ 22-24. At 11:30 a.m. on March 30, 2023, an employee of First Credit came to Ms. McCarthy's home to repossess the car. *Id.* ¶ 25. Ms. McCarthy "immediately ran outside her home,"[2] verbally objected to the repossession, called the police to try and stop the repossession, and stood in front of

---

[1] Although Ms. McCarthy acknowledges that she was behind on payments (ECF 1, ¶¶ 18-20), she also alleges that she believed repossession was on hold at this time. *Id.* ¶ 19.

[2] The complaint does not plead that the vehicle was in Ms. McCarthy's driveway or on Ms. McCarthy's property, such that First Credit could be deemed to be trespassing.

- 2 -

the First Credit tow-truck to prevent it from driving away. *Id.* ¶¶ 26-28. When the police arrived, they told Ms. McCarthy that First Credit was allowed to take the car. *Id.* ¶ 29.

"Pennsylvania courts have not specifically defined what actions constitute a breach of the peace, and there is very little case-law interpreting a breach of the peace in the repossession context." *Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 278 (E.D. Pa. 2016). However, "most jurisdictions make determinations of what constitutes a breach of the peace on a case by case basis. Although their findings vary, courts consistently look to the following factors to determine if there was a breach of the peace: the use of law enforcement; violence or threats of violence; trespass; verbal confrontation; and disturbance to third parties." *Id.* at 279.

In addition to verbal objections, courts consider facts such as whether the creditor trespasses on the debtor's property, *Purkett v. Key Bank USA, Inc.*, No. 01-162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001), whether the debtor physically obstructed the creditor, *Hensley v. Gassman*, 693 F.3d 681, 689-90 (6th Cir. 2012), whether there is actual violence such as pushing, *Duke v. Garcia*, No. 11-784, 2014 WL 1318646, at *4 (D.N.M. Feb. 28, 2014), whether the creditor physically obstructed the debtor from the property, *Fulton v. Anchor Sav. Bank, FSB*, 452 S.E.2d 208, 211-12 (Ga. App. 1994), whether the creditor threatened the debtor in response to the debtor's verbal objection, *Gerbasi v. NU Era Towing & Serv., Inc.*, 443 F. Supp. 3d 411, 414 (W.D.N.Y. 2020), and whether there was "yelling, continued protests, and physical intimidation[.]" *McLinn v. Thomas Cnty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1102-03 (D. Kan. 2021).

Here, the allegations in the complaint fail to plausibly allege a breach of peace. They center exclusively on the actions of Ms. McCarthy. *She* ran outside of the house. *She* verbally confronted First Credit. *She* stood in front of the tow truck. *She* called the police. But what she did isn't the point. *Labadie v. NU Era Towing & Serv., Inc.*,

No. 20-722, 2022 WL 4287663, at *4 (W.D.N.Y. June 14, 2022) (holding that there was no breach of the peace where the plaintiff alleged that she objected three times but did not allege that the creditor ever "raised his voice or threatened" plaintiff), *report and recommendation adopted*, No. 20-722, 2022 WL 3593108 (W.D.N.Y. Aug. 23, 2022); *see also Chrysler Credit Corp. v. Koontz*, 661 N.E.2d 1171, 1173-74 (Ill. App. Ct. 1996) (finding that there was no breach of the peace when the plaintiff testified that he yelled "don't take it" and the person repossessing the vehicle did not respond verbally or physically). The law imposes liability where the defendant causes the breach of the peace. The taking of a vehicle over the "oral objection of the owner, however strenuous, is not a breach of the peace unless accompanied by factors indicating that the activities of the repossession agent are of a kind likely to cause violence, or public distress and/or consternation." *Gill*, 2018 WL 5045755, at *10. As pled, First Credit didn't do anything except show up, and once the police gave it the okay, it repossessed the car. Those allegations do not rise to the level of a breach of peace.

For these reasons, First Credit's motion is granted. That said, the Court can't say amendment would be futile, and so grants leave to amend. Any amended complaint must plead more specific actions by First Credit in creating any alleged breach of peace, consistent with the factors outlined above.[3]

---

[3] To be sure, there are some non-binding cases where courts have held that a simple verbal objection by the debtor is sufficient to create a breach of peace. *Darren Trucking Co. v. Paccar Fin. Corp.*, No. 18-3936, 2019 WL 3945103, at *2 (D. Md. Aug. 20, 2019) (collecting cases). The Court does not find these cases to be particularly persuasive. The rationale for them is that "potential for violence" is equivalent to a breach of peace, and it is better to limit creditors' self-help remedies. There is nothing under Pennsylvania law to support such a broad concept, and the better approach is to consider a verbal objection by the debtor as a factor in the analysis. Ultimately, though, to impose liability on a defendant for unfair debt-collection practices in this context, there must be some conduct by that defendant that triggers the breach of peace.

\* \* \*

Therefore, after careful consideration, it is hereby **ORDERED** that First Credit's motion to dismiss (ECF 14) is **GRANTED**. All counts of the complaint as to First Credit (ECF 1) are **DISMISSED WITHOUT PREJUDICE.** Any amended complaint must be filed by December 1, 2023. If no amended complaint is filed by that date, the Court will instruct the Clerk of this Court to terminate First Credit as a party in this action.

Date: November 16, 2023                                   BY THE COURT:

                                                          /s/ J. Nicholas Ranjan
                                                          United States District Judge